UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY M. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV00021 ERW |
| | ) | |
| THOMAS PRIOR, | ) | |
| | ) | |
| Defendant, | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, a prisoner seeking leave to proceed in forma pauperis, brings this action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $7.00, which is twenty percent of his average monthly deposit. <u>See</u> 28 U.S.C. § 1915(b). Additionally, the Court will require plaintiff to file an amended complaint.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

In this action, the Court is unable to identify plaintiff's claims because the complaint is 376 pages long and names thirty-five defendants. The complaint does not comply with Rules 8 or 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that the complaint contain "a short and plain statement of the claim showing that [plaintiff] is entitled to relief . . ." And Rule

10(b) requires a plaintiff to "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

The complaint is overly long and repetitive. Therefore, the Court will require plaintiff to file an amended complaint.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and claims that are not realleged are deemed abandoned. E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff should state whether he is suing defendants in their official or individual capacities, or both. Additionally, he must state exactly what each defendant did, or failed to do, which violated his rights. Failure to do so risks dismissal of one or all of the defendants. If plaintiff does not comply with this Order, this action will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without further proceedings.

So Ordered this 23rd day of March, 2015

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE