UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| TERRY M. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV00021 ERW |
| | ) | |
| THOMAS PRIOR, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner proceeding in forma pauperis, brings this action under 42 U.S.C. § 1983. The amended complaint names thirty-five defendants and is 161 pages long with 143 pages of exhibits. The Court previously ordered plaintiff to amend his complaint to conform to Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff has failed to do so, and the Court will dismiss this action without prejudice.

The crux of plaintiff's complaint is that he was treated for multiple sclerosis ("MS") although he did not have the disease. He says he really has a "demyelinating problem" in his lower extremities. He claims the treatment caused him injury. The exhibits show that plaintiff had a diagnosis of MS when he arrived at the prison, and the records show that the physician defendants worked to refine his diagnosis and treatment over several years. In 2014, MS was ruled out.

In its earlier order, the Court noted that the complaint was overly long and repetitive. The original complaint was 227 pages long with 143 pages of exhibits. The Court cited Rule 8 and directed plaintiff to include only a "short and plain statement" stating his claim for relief.

The amended complaint is not a short and plain statement of his claim. It suffers from the same defects as the original complaint. Plaintiff repeats substantially similar allegations over and over, making the complaint needlessly long and complex. Some of plaintiff's claims go back to 2004 and are barred by the five-year statute of limitations. Many of the defendants were not involved in plaintiff's medical care, but plaintiff repeats the same allegations against them as he does the treating defendants.

Defendants could not be expected to formulate a response to the amended complaint because of its needlessly complex nature. As a result, the Court will dismiss this action for failure to comply with the Federal Rules. See Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988) (allowing for dismissal with prejudice). The dismissal is without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

So Ordered this 24th day of April, 2015.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE